IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02260-BNB

EUGENE DURAN,

    Applicant,

v.

PAMELA PLOUGHE, Acting Warden CTCF, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

ORDER GRANTING MOTION TO AMEND

    Applicant, Eugene Duran, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  Mr. Duran, acting *pro se*, initiated this action by submitting to the Court on August 29, 2011, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

    On February 1, 2012, the Court ordered Mr. Duran to show cause (ECF No. 13) within thirty days why the habeas corpus application should not be denied as a mixed petition for failure to exhaust state remedies.  In the February 1 order to show cause, the Court noted that, of the five claims Mr. Duran asserted, the first portion of claim one and all of claim five were not exhausted.  In the first portion of claim one Mr. Duran asserted that trial counsel was ineffective for failing to object to the jury venire as not representing a fair cross-section of the community.  In claim five, Mr. Duran asserted that, when the alleged errors of trial and appellate counsel are considered cumulatively,

the representation amounted to ineffective assistance.  As an alternative to dismissal as a mixed petition, the Court allowed Mr. Duran to dismiss voluntarily his unexhausted claims and proceed with the exhausted claims.  The Court informed Mr. Duran that if he failed to provide a clear response indicating his intentions he will have failed to show cause as directed, and the Court would dismiss the instant action as a mixed petition.

On March 14, 2012, Mr. Duran filed a response (ECF No. 19) to the February 1 order to show cause, which he characterizes as a motion for leave to file an amended application and a supporting memorandum (ECF No. 20).  The Court must construe liberally Mr. Duran's filings because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

In the response and memorandum, Mr. Duran asks to amend the first portion of claim one to claim that the jury venire selection process violated constitutional requirements that the jury be representative of the community, a claim similar to the claim he raised and exhausted in his postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  *See* ECF 12 (supplement to pre-answer response), ex. J at 15-18.  Although he did not specifically address whether he agrees to dismiss claim five as unexhausted, he indicates his willingness to do so.  *See* ECF No. 20 at 4.  Therefore, the Court will construe liberally the motion to amend as asking to amend the first portion of claim one and volunteering to dismiss claim five in its entirety, and will grant the motion.

Mr. Duran will be directed to file an amended application in which the first portion

of claim one is as stated in this order and Mr. Duran's supporting memorandum (ECF No. 20), and the second portion of claim one and claims two through four are as stated in his habeas corpus application (ECF No. 1) and restated in the February 1 order to show cause.  The amended application must not include unexhausted claim five.

Accordingly, it is

ORDERED that Applicant, Eugene Duran, file an amended habeas corpus application **within thirty (30) days from the date of this order** that is in compliance with this order.  It is

FURTHER ORDERED that Mr. Duran shall obtain the Court-approved form for filing an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov).  It is

FURTHER ORDERED that, if Mr. Duran fails to comply with the directives of this order within the time allowed, the application will be denied and the action will be dismissed without further notice.

DATED March 21, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland  
United States Magistrate Judge