IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-02260-WYD-MJW

EUGENE DURAN,

       Applicant,

v.

RAY TIMME, Warden CTCF, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

       Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

Applicant, Eugene Duran, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  Mr. Duran, acting *pro se*, initiated this action by submitting to the Court on August 29, 2011, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  He has been granted leave to proceed *in forma pauperis*.  Mr. Duran is challenging the validity of his conviction and sentence in Case No. 05CR539 in the Arapahoe County District Court in Centennial, Colorado.

## I.  Federal Habeas Corpus Proceedings

On September 12, 2011, the Court entered an order (ECF No. 4) directing Respondents to file within twenty-one days a pre-answer response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either

or both of those defenses.  On September 29, 2011, Respondents filed a pre-answer response (ECF No. 7).  On October 25, 2011, Mr. Duran filed a reply (ECF No. 9).

On November 25, 2011, the Court directed Respondents to submit a supplement because they argued in the pre-answer response that Mr. Duran failed to exhaust all of his claims in the state courts through his postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure (ECF No. 11).  The November 25 order noted that the Court could not determine definitively from the state court documents provided by Respondents what claims Mr. Duran presented to the state appellate courts in his postconviction proceeding because Respondents failed to submit a copy of Mr. Duran's opening brief to the Colorado Court of Appeals in *People v. Duran*, No. 09CA2225 (Colo. Ct. App. Jan. 27, 2011) (unpublished).  Therefore, the Court directed Respondents to provide a copy of the opening appellate brief.  In addition, the Court directed Respondents to resubmit Exhibits C and C2 to the pre-answer response as one amended Exhibit C, because Exhibits C and C2 were unnecessarily divided in a manner difficult for the Court to understand when viewing the exhibits on CM/ECF.  On November 28, 2011, Respondents submitted the supplement (ECF No. 12) to the pre-answer response.

On February 1, 2012, the Court ordered Mr. Duran to show cause why the application should not be denied as a mixed petition (ECF No. 13).  The Court informed Mr. Duran that, in order to avoid dismissal of the application as a mixed petition, he may elect to dismiss voluntarily any unexhausted claims and pursue only those claims for which state remedies already have been exhausted.  The Court warned Mr. Duran that if he failed to provide a clear response indicating his intentions, he will have failed to

show cause as directed, and the Court would dismiss the instant action as a mixed petition.  The Court also informed him that, alternatively, if he wished to pursue all of his claims in federal court, the action would be dismissed without prejudice so that he may exhaust state remedies before filing a new habeas corpus application.

On March 14, 2012, Mr. Duran filed a motion (ECF No. 19) and supporting memorandum (ECF No. 20) requesting leave to amend his application.  On March 21, 2012, the Court entered an order (ECF No. 21) granting the motion and permitting Mr. Duran to file an amended application.

On April 9, 2012, instead of filing an amended application, Mr. Duran filed a second motion to add new claims (ECF No. 22).  On April 10, 2012, the Court denied the motion by minute order (ECF No. 23) as not complying with the March 21 order, and granted Mr. Duran one final opportunity to file an amended application in compliance with the March 21 order.

On April 19, 2012, Mr. Duran filed an amended application (ECF No. 24) and an objection (ECF No. 25) to the April 10 minute order with an additional five claims he wanted to add to the amended application.  On April 27, 2012, the Court overruled the objection, finding:

> This Court has provided Mr. Duran with every opportunity to submit a viable amended application as directed.  Instead, in his objection, Mr. Duran has delayed his own litigation of this lawsuit through a back-door attempt to amend his amended application by asserting an additional five claims that could or should have been raised in the application he originally filed.  Nothing in the traditions of habeas corpus requires a federal court to tolerate such needless piecemeal litigation.

(ECF No. 26 at 5.)  The Court also ordered Mr. Duran to file a second and final amended application on the Court-approved habeas corpus form that asserted all the

exhausted claims he intended to raise in this action. *Id.* On May 14, 2012, Mr. Duran filed the second and final amended application (ECF No. 27).

On May 15, 2012, the Court ordered Respondent to file a second pre-answer response (ECF No. 28). On July 2, 2012, after being granted an extension of time, Respondents filed the second pre-answer response (ECF No. 34). On July 24, 2012, Mr. Duran filed a reply (ECF No. 35) to the second pre-answer response.

I must construe liberally Mr. Duran's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied in part.

## II. State Court Proceedings

On March 14, 2005, Mr. Duran was charged in Arapahoe County District Court Case No. 05CR539 with second-degree kidnapping involving robbery, a class-two felony; aggravated robbery, a class-three felony; conspiracy to commit second-degree kidnapping, a class-three felony; first-degree aggravated motor vehicle theft, a class-four felony; menacing, a class-five felony; and a crime of violence sentencing enhancer. *See* ECF No. 12 (supplement to pre-answer response) Ex. C (appellant's opening brief in *People v. Duran*, No. 06CA0245 (Colo. Ct. App. July 10, 2008)) at 8. A jury convicted him of all charges except for the conspiracy count and found that he possessed and threatened the use of a deadly weapon during the commission of the crimes. *See id.*; *see also* ECF No. 7 (pre-answer response) Ex. B (state court register of actions) at 6. The trial court imposed an aggregate thirty-year prison sentence. *See id.* at 5.

On February 3, 2006, Mr. Duran appealed directly from his conviction, alleging that the trial court erroneously admitted evidence of a co-conspirator's guilty plea, failed to sanction the prosecution for its nondisclosure of a witness's videotaped statement, and failed to merge the second-degree kidnapping, aggravated robbery, and felony menacing convictions. *See* ECF No. 7 Ex. B at 4; ECF No. 12 Ex. C at 7. On July 10, 2008, the Colorado Court of Appeals denied Mr. Duran's claims and affirmed his convictions. See ECF No. 7 Ex. D (*People v. Duran*, No. 06CA0245 (Colo. Ct. App. July 10, 2008)). On November 17, 2008, the Colorado Supreme Court denied certiorari review. *See id.* Ex. E.

On April 1, 2009, Mr. Duran filed a combined motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure and for modification of violent crime mandatory sentencing. *See* ECF No. 7 Ex. B at 3. On June 1, 2009, the trial court denied the motion. *Id.*

On July 6, 2009, Mr. Duran filed a motion for postconviction relief pursuant to Colo. R. Crim. P. 35(c), alleging insufficient evidence, a discovery violation, an unconstitutionally unrepresentative jury venire, and ineffective assistance of trial and appellate counsel. *See* ECF No. 7 Ex. B at 2; Ex. G (*People v. Duran*, No. 09CA2225 (Colo. Ct. App. Jan. 27, 2011)) at 2-3. On September 21, 2009, the trial court denied the Colo. R. Crim. P. 35(c) postconviction motion. *See id.* Ex. B at 2. On January 27, 2011, the Colorado Court of Appeals affirmed. *See id.* Ex. G. On May 9, 2011, the Colorado Supreme Court denied certiorari review. *See id.* Ex. H.

### III.  Asserted Claims in Original and Second Amended Applications

On August 29, 2011, Mr. Duran filed his original § 2254 application (ECF No. 1)

in this Court.  In the original application, Mr. Duran asserted the following claims:

1.  Trial counsel was ineffective (a) for failing to object to the jury venire as not representing a fair cross-section of the community and (b) for failing to request an instruction on the lesser-included offense of simple robbery.

2.  Trial counsel was ineffective for failing to object to the trial court's admission of evidence of the co-conspirator's guilty plea.

3.  The trial court erred by declining to impose any sanctions as a result of the prosecution's failure to disclose a witness's videotaped interview on "Crime Stoppers," a television news program.

4.  Appellate counsel was ineffective (a) for failing to present a sufficiency claim with respect to the deadly weapon element of the aggravated robbery offense, and (b) for presenting four frivolous claims.

5.  When the alleged errors of trial and appellate counsel are considered cumulatively, their representation amounted to ineffective assistance.

ECF No. 1 at 5-11.

In the second and final amended application (ECF No. 27) filed on May

14, 2012, Mr. Duran asserts the following claims:

1.  The jury venire did not represent a fair cross-section of the community.

2.  Trial counsel was ineffective for failing to object to the co-defendant's testimony concerning his guilty plea.

3.  The trial court erred by declining to impose any sanctions resulting from the prosecution's failure to disclose the victim's "Crime Stoppers" interview.

4.  The trial court erred by admitting the co-defendant's testimony concerning his guilty plea.

5.  Trial counsel was ineffective for failing to request a lesser-included instruction of simple robbery.

6.  Appellate counsel was ineffective for asserting frivolous claims.

7.  The trial court erred by denying the defense's motion for judgment of acquittal with respect to the deadly weapon element of aggravated robbery.

8.  The evidence was insufficient to establish the deadly weapon element of aggravated robbery.

9.  The prosecution violated state discovery rules of failing to disclose the victim's "Crime Stoppers" interview.

10.  The state postconviction court abused its discretion by summarily denying Applicant's Colo. R. Crim. P. 35(c) motion.

11.  Applicant's aggravated robbery conviction violates double jeopardy because it is a lesser-included offense of kidnapping involving robbery.

12.  Applicant's menacing conviction violates double jeopardy because it is a lesser-included offense of aggravated robbery.

Respondents allege that subsection (a) of claim one raised in the original application is not raised in the second amended application; subsection (b) of claim one raised in the original application is raised as claim five in the second amended application; claims two and three are raised as claims two and three in both applications; claims four and five raised in the original application are not raised in the second amended application; and claims one, four, six, seven, eight, nine, ten, eleven, and twelve, which were not raised in the original application, are new claims raised in the second amended application only.  Respondents further contend that claim ten fails to invoke the jurisdiction of the Court.

IV.  <u>One-Year Limitation Period and Time-Bar</u>

A.  <u>Original Application</u>

Respondents conceded in the original pre-answer response (ECF No. 7 at 8), and the Court agreed (ECF No. 13 at 4), that the original application is timely under 28 U.S.C. § 2244(d).  However, Respondents contend in the second pre-answer response (ECF No. 34) that the second amended application (ECF No. 27) is untimely, and none of the new claims asserted in the second amended application relate back to the original application.  For the reasons stated below, I agree that, except for claim six raised in the second amended application, the claims raised in the second amended application do not relate back to the original application, and claim ten raised in the second amended application also fails to invoke the jurisdiction of the Court.

Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, I first must determine when the judgment of conviction in Mr. Duran's criminal case became final.  The Colorado Supreme Court denied certiorari review in Mr. Duran's direct appeal of his criminal conviction on November 17, 2008.  Mr. Duran did not seek a writ of certiorari from the United States Supreme Court.  As a result, his conviction became final ninety days later, on Sunday, February 15, 2009, although the one-year limitation was continued until the next business day, or Monday, February 16, 2009, when the time in which he could have petitioned for review in the United States Supreme Court expired.  *See* Sup. Ct. R. 13(1); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  The one-year limitations period for purposes of        § 2244(d) began to run on the next day, February 17, 2009, unless Mr. Duran filed a state postconviction motion that tolled the statute.  *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003) (one-year limitations period commences the day after expiration of the time for seeking review).

Here, the limitations period ran for 43 days from February 17, 2009, when Mr. Duran's conviction became final, until April 1, 2009, when Mr. Duran filed his Colo. R. Crim. P. 35(b) postconviction motion for sentence reconsideration, which the trial court

denied on June 1, 2009.  Mr. Duran had 45 days from June 1, 2009, until July 16, 2009,

to seek an appeal under state law.  *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir.

2000); *see also* Colo. R. App. P. 4(b).  Before the 45-day period expired to appeal the

trial court's June 1, 2009, order denying the motion, Mr. Duran filed his Colo. R. Crim. P.

35(c) motion in state court on July 6, 2009.  Tolling of the one-year limitation period

continued until May 9, 2011, when the Colorado Supreme Court denied certiorari

review.  The limitations period ran for another 111 days from May 10, 2011, until August

29, 2011, when Mr. Duran filed his original habeas corpus application in this Court.

A total of 154 days (43 days + 111 days) of the 365-day limitations period ran

against the original application, which makes the original application timely.  However, a

different analysis applies with respect to the second amended application filed on May

14, 2012, and the new claims raised in that application.

B. Second and Final Amended Application

The original application Mr. Duran filed in this Court on August 29, 2011, does

not qualify as a motion for postconviction relief pursuant to § 2244(d)(2) and, therefore,

does not toll the running of the one-year limitations period for his second and final

amended application filed on May 14, 2012.  *See Duncan v. Walker*, 533 U.S. 167, 181-

82 (2001) (holding that "an application for federal habeas corpus review is not an

'application for State post-conviction or other collateral review' within the meaning of 28

U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency

of [applicant's] first federal habeas petition").

Because Mr. Duran has not had a postconviction motion pending in state court

since May 9, 2011, when the Colorado Supreme Court denied certiorari review of the

denial of the Colo. R. Crim. P. 35(c) motion, the limitations period ran uninterrupted for 322 days after the denial of certiorari until the limitations period expired on March 26, 2012 (43 days + 322 days = 365 days).  Mr. Duran did not file his second amended application until May 14, 2012, 49 days after the one-year limitations period expired.

When an amended application is filed outside of the statute of limitations, new claims raised in the amended application are timely only if they relate back to the claims raised in a timely manner.  *Mayle v. Felix*, 545 U.S. 644, 649-50 (2005).  The new claims asserted in the amended application relate back to the date of the original application if the new claims "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  *Id.* at 649; *see also* Fed. R. Civ. P. 15(c)(1)(B).  It is not enough that the proposed amendments merely relate to the same trial, conviction, or sentence.  *See Mayle*, 545 U.S. at 656-64.

An amended habeas corpus application "does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *Id.* at 650.  In order to relate back, the timely claims and the proposed amendments must be "tied to a common core of operative facts."  *Id.* at 664.  In other words, in order for the claims asserted in the amended application to relate back to the claims asserted in the original application, they must arise "from the same core facts as the timely filed claims."  *Id.* at 657; *see also Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001) (no relation back where initial application raised only evidentiary claims and amended application raised untimely claims of ineffective assistance of counsel and juror misconduct; an amended evidence claim did relate back because it merely "clarifie[d] or

amplifie[d] a claim in the original" application); *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (no relation back where initial § 2255 motion asserted sentencing-related claims, and the supplemental motion asserted a number of ineffective-assistance-of-counsel claims).

As previously stated, Respondents argue that the new claims one, four, six, seven, eight, nine, ten, eleven, and twelve that Mr. Duran asserts in the second and final amended application do not relate back to the claims asserted in the original application, and that claim ten also fails to invoke the jurisdiction of the Court.  For the reasons stated below, I agree except with regard to new claim six, and I find that claim ten fails to invoke the jurisdiction of the Court.  A detailed analysis of each new claim raised in the second amended application follows.

### Claim One

In the original application, Mr. Duran claimed that trial counsel was ineffective for failing to object to the jury venire as not representing a fair cross-section of the community.  In the second amended application, he asserts a claim directly challenging the jury venire.  These are different claims involving different standards and separate elements of proof.  *See Mayle*, 545 U.S. at 650; *see also Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005).  In the original application, Mr. Duran challenged the conduct of his attorney.  In the second amended application, he challenges the underlying jury-selection process.  Although the claims raised in the original and second amended applications are related and involve some of the same facts, their theories are entirely different and they rest on different conduct and occurrences.  *See Mayle*, 545

U.S. at 649.  As such, claim one does not relate back to the claims raised in the original application.

### Claim Four

Although both the original and second amended applications assert in claim two that trial counsel was ineffective for failing to object to the trial court's admission of evidence of the co-conspirator's guilty plea, claim four of the second amended application presents as a free-standing constitutional violation a new claim challenging the admission of this testimony.  Specifically, in the second amended application, Mr. Duran argues that the trial court erred by admitting the co-defendant's testimony concerning his guilty plea.  For the reasons set forth above in claim one, claim four is a different claim, and does not relate back to the original application.

### Claim Six

In the original application, Mr. Duran asserted as subsection (a) of his fourth claim that appellate counsel was ineffective for failing to present a sufficiency-of-the-evidence claim with respect to the deadly weapon element of aggravated robbery.  As part of that claim, he also asserted in subsection (b) that appellate counsel was ineffective for presenting four frivolous claims, which he referenced in a sketchy manner.  In the second amended application, he abandons subsection (a) of his original fourth claim asserting that appellate counsel was ineffective for failing to present a sufficiency-of-the-evidence claim, and elaborates upon the subsection (b), i.e., the four frivolous claims that appellate counsel allegedly was ineffective for presenting:

> 1.  Whether the trial court committed plain error by admitting testimony, used as substantive evidence of guilt, of a co-perpetrator's guilty pleas to a change arising from the same incident.

2.  Whether reversible error occurred due to the trial court's failure to order any sanction or remedy as a result of the prosecution's failure to provide to the defense a videotaped statement of the alleged victim.

3.  Whether the aggravated robbery conviction, which is a lesser-included offense of the greater offense of kidnapping plus robbery, must be vacated.

4.  Whether pursuant to Colo. Rev. Stat. § 18-1-408(5)(c), the menacing conviction is a lesser-included offense of the aggravated robbery and must be vacated pursuant to the Double Jeopardy guarantees of the United States and Colorado constitutions.

ECF No. 27 at 13; *see also* ECF No. 12 Ex. C at 2.

Here, claim six in the second amended application concerning the allegedly frivolous claims raised by counsel does relate back to the original application because it clarifies or amplifies a portion of claim four raised in the original application. *See Woodward*, 263 F.3d at 1142. However, the other portion of claim four raised in the original application, i.e., that appellate counsel was ineffective for failing to present a sufficiency-of-the-evidence claim with respect to the deadly weapon element of aggravated robbery, clearly is abandoned because Mr. Duran was warned in the order directing him to file the second and final amended application (ECF No. 26) to assert all the exhausted claims he intended to raise in this action, and he deliberately chose not to reassert that claim in his second amended application. *Id.* at 5. As such, claim six asserting that appellate counsel was ineffective for presenting four frivolous claims does relate back to the original application and is timely, and the portion of claim four Mr. Duran raised in the original but not in the second amended application, i.e., that appellate counsel was ineffective for failing to present a sufficiency-of-the-evidence claim, is abandoned and will not be addressed further.

### Claims Seven and Eight

Claims seven and eight are two variations of a challenge to the sufficiency of the evidence concerning the deadly weapon element of aggravated robbery.  These claims were not raised in the original application, but rather constituted the factual basis for the claim of ineffective assistance of appellate counsel presented in claim four of the original application.  For the reasons set forth above in claim one, claims seven and eight are different claims than the claim raised in the original application, and do not relate back.

### Claim Nine

Although the original and second amended applications assert in claim three that the trial court erred by failing to impose any sanctions as a result of the prosecution's failure to disclose the victim's "Crime Stoppers" interview, the second amended application presents a new claim concerning the prosecution's conduct with regard to the victim's statement.   For the reasons set forth above in claim one, claim nine is a different claim, and does not relate back.

### Claim Ten

Claim ten in the second amended application, which asserts that the state postconviction court abused its discretion by summarily denying Applicant's Colo. R. Crim. P. 35(c) motion, was not raised in the original application.  As such, claim ten does not relate back to the original application.

In addition, claim ten does not state a cognizable federal constitutional claim. There is no federal constitutional right to postconviction review in the state courts.  *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987).  "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to

the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a).  *See also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").  Moreover, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . .  states no cognizable federal habeas claim."  *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (citation omitted); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that an applicant's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Because claim ten focuses only on the state's postconviction remedy and not the judgment that provides the basis for his incarceration, it states no cognizable federal habeas claim. *See Sellers*, 135 F.3d at 1339.

<u>Claims Eleven and Twelve</u>

Finally, in the amended application Mr. Duran alleges that his aggravated robbery conviction violates double jeopardy because it is a lesser-included offense of kidnapping involving robbery (claim eleven) and his menacing conviction violates double jeopardy because it is a lesser-included offense of aggravated robbery (claim twelve). Nowhere in his original application did Mr. Duran attack his sentences.  As such, claims eleven and twelve are not linked to a common "core of operative facts" of any claim in the original application, and do not relate back.  *See Mayle*, 545 U.S. at 643.

Therefore, I find that, except for claim six, the new claims Mr. Duran asserts in the second amended application, i.e., claims one, four, seven, eight, nine, ten, eleven,

and twelve do not relate back to the claims asserted in the original application, because they do not arise "from the same core facts as the timely filed claims." *See id.* at 657. Instead, Mr. Duran's new claims one, four, seven, eight, nine, ten, eleven, and twelve arise from separate conduct and occurrences in both time and type. *See id.* at 656-64; *see also Espinoza-Saenz*, 235 F.3d at 504. Therefore, claims one, four, seven, eight, nine, ten, eleven, and twelve will be dismissed as time-barred. Claim ten also will be dismissed for failure to state a cognizable federal constitutional claim. The only timely claims raised in the second and final amended application are claims two, three, five, and six, which were presented in the original application as claims two, three, subsection (b) of claim one, and subsection (b) of claim four.

V. Exhaustion of State Remedies

The Court informed Mr. Duran in the order to show cause of February 1, 2012 (ECF No. 13), that, pursuant to § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252

17

(10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner

to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal

quotation marks omitted), "[i]t is not enough that all the facts necessary to support the

federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982)

(per curiam).  A claim must be presented as a federal constitutional claim in the state

court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364,

365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing

a federal habeas corpus action bears the burden of showing that he has exhausted all

available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Even if state remedies properly have been exhausted as to one or more of the claims

presented, a habeas corpus application is subject to dismissal as a mixed petition

unless state court remedies have been exhausted for all of the claims raised.  *See Rose*

*v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir.

1995).

Respondents concede that remaining claims two, three, and five are exhausted.

The Colorado Court of Appeals addressed claim two, i.e., that trial counsel was

ineffective for failing to object to the co-defendant's testimony concerning his guilty plea,

in Mr. Duran's postconviction appeal.  *See* ECF No. 7 Ex. G at 13-16.  Mr. Duran

exhausted claim three, i.e., that the trial court erred by declining to impose any

sanctions resulting from the prosecution's failure to disclose the victim's "Crime

Stoppers" interview, on direct appeal.  *See* ECF No. 12 Ex. C at 15.  Finally, the

Colorado Court of Appeals also addressed claim five, i.e., that trial counsel was

ineffective for failing to request a lesser-included instruction of simple robbery, in Mr.

Duran's postconviction appeal.  *See* ECF No. 7 Ex. G at 12-13.

However, Respondents argue that claim six is not exhausted and is procedurally

barred.  They specifically argue that in the Colorado Court of Appeals, Mr. Duran

asserted that appellate counsel was ineffective for failing to present a claim challenging

the sufficiency of the evidence with regard to the deadly weapon element of armed

robbery.  They further argue he did not, as he does now, assert that appellate counsel

was ineffective for asserting frivolous claims.

As previously stated in the discussion of claim six, Mr. Duran, in the second

amended complaint, abandoned the sufficiency-of-the-evidence claim, which the

Colorado Court of Appeals addressed on postconviction appeal.  ECF No. 7 Ex. G at

16.  Instead, in the second amended complaint he asserts that appellate counsel was

ineffective for raising four frivolous claims.  The ineffective-assistance-of-appellate-

counsel claim raised in the second amended complaint is not the same claim Mr. Duran

raised on postconviction appeal and, therefore, is not exhausted.

Moreover, with limited exceptions inapplicable to claim six, the Colorado Rules of

Criminal Procedure bar Mr. Duran from raising his unexhausted sixth claim in a

postconviction motion.  *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any

claim that could have been presented in an appeal previously brought or postconviction

proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo.

1982) (stating that postconviction review is not available to address under a recently

contrived constitutional theory issues that were raised previously).

If a habeas applicant "failed to exhaust state remedies and the court to which the

petitioner would be required to present his claims in order to meet the exhaustion

19

requirement would now find the claims procedurally barred . . . there is a procedural default." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  A procedural default may be overcome only if the applicant shows cause for the default and actual prejudice as a result of the federal violation, or demonstrates that failure to consider the claim will result in a fundamental miscarriage of justice.  *Id.* at 750; *see also Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).

Application of this procedural-default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman*, 501 U.S. at 730.  Mr. Duran's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Duran must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Duran can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004).  A

"substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  To demonstrate a fundamental miscarriage of justice, Mr. Duran first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  *Id.*  He then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 327.

Mr. Duran fails to demonstrate cause and prejudice for his procedural default or that a failure to consider his unexhausted claim will result in a fundamental miscarriage of justice.  As a result, Mr. Duran's sixth claim is procedurally barred, and will be dismissed for that reason.

## VI.  Conclusion

For the reasons stated above, the application is **DENIED IN PART**.  Accordingly, it is

ORDERED that claims one, four, seven, eight, nine, ten, eleven, and twelve in the second and final amended application are **DISMISSED** as time-barred.  It is

FURTHER ORDERED that claim ten asserted in the second and final amended application also is **DISMISSED** for failure to state a cognizable federal constitutional claim.  It is

FURTHER ORDERED that claim six asserted in the second and final amended application is **DISMISSED** as procedurally defaulted.  It is

FURTHER ORDERED that **within thirty days** of the filing of the state court record Respondents are directed to file an answer in compliance with Rule 5 of the

Rules Governing Section 2254 Cases that fully addresses the merits of the following timely and exhausted claims asserted in the second and final amended application: claims two, three, and five.  It is

FURTHER ORDERED that **within thirty days** of the filing of the answer Applicant, Eugene Duran, may file a reply, if he desires.

Dated:  September 25, 2012.

BY THE COURT:


s/ Wiley Y. Daniel_____
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE